UNITED STATES DISTRICT COURT
~~SOUTHERN~~ Eastern DISTRICT OF NEW YORK
----------------------------------------------------------------X
In the Matter of the Claim of
MARK H. MILLER,

             Claimant,

           - against -

THE COUNTY OF NASSAU and THE NASSAU
COUNTY SHERIFF'S OFFICE

             Respondents.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 21 2010 ★
BROOKLYN OFFICE

Case No. CV 10-3358

COMPLAINT

SPATT, J.
TOMLINSON, M.J.

## PRELIMINARY STATEMENT

This is a proceeding to recover damages for violations of Federal and New York State law regarding the false arrest and wrongful imprisonment of Claimant Mark Miller who was arrested falsely, maliciously and without probable cause by officers of the Respondent THE NASSAU COUNTY SHERIFF'S OFFICE, in the immediate presence of his two daughters, ages 8 and 10, in the proximity of the Harold D Fayette School on Merrick Avenue in Merrick, NY 11566. The arrest was premised upon the arresting Sheriffs' falsification of facts preceding and surrounding the arrest. Claimant was further falsely imprisoned, and incurred an assault as a result of the Respondents' unlawful and unwanted physical contact with the person of the Claimant. Claimant was thereafter maliciously prosecuted based upon the Sheriff's perjurious depositions supporting the accusatory instrument. The criminal prosecution was ultimately dismissed *on the merits* on January 28, 2010, the prosecutors stating on the record that the matter was "being forwarded to Public Corruptions for further investigation." Incidental and consequential damages to Claimant include the inability to see his children for an extended period of time, his alienation from them and lost profits.

## JURISDICTION AND VENUE

This court has jurisdiction over this action for a violation of constitutional rights as provided in 42 U.S.C. § 1983. The plaintiff seeks monetary damages as well as attorney fees and costs pursuant to 42 U.S.C. § 1988.

The plaintiff seeks redress for violation of the Claimant's right to be free from police harassment and intimidation as provided for in the Fifth and Sixth Amendments of the Constitution of the United States; the plaintiff's right to access to the courts as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States; the plaintiff's right to be free from malicious prosecution, and malicious abuse of process, as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States; and the plaintiff's right to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

Claimant Mark Miller, is an individual residing at 1623 Northridge Ave., Merrick, NY 11580.

At all times mentioned, the Respondent, COUNTY OF NASSAU was and now is a county within the State of New York.

Respondent THE NASSAU COUNTY SHERIFF'S OFFICE is a law enforcement agency acting under the authority of respondent THE COUNTY OF NASSAU

As yet identified members of Respondent THE NASSAU COUNTY SHERIFF'S OFFICE were at all times relevant to the allegations contained in this complaint a duly appointed police officers with THE NASSAU COUNTY SHERIFF'S OFFICE and were acting within the nature and scope of the Respondent's official duties as a member of THE NASSAU COUNTY SHERIFF'S OFFICE and employees of the Respondent THE COUNTY OF NASSAU.

At all times relevant to the allegations, as yet identified members of THE NASSAU COUNTY SHERIFF'S OFFICE acted under color of state law, regulations, customs, and policies.

## COUNT I:  VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

The Claimant reaffirms and realleges each and every allegation set forth in this Complaint and will allege further that:

The Claimant has a right to be free from unlawful arrest, detention and imprisonment, the rights secured to plaintiff by the Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983.

Respondents individually and in concert with the others acted under pretense, color, and virtue of law and their official capacities, but said acts were illegal, and each defendant, individually, and in concert with the others, acted willfully, knowingly, and with specific intent to deprive Claimant of his constitutional rights.

As a direct and proximate result of these violations of plaintiff's constitutional rights, Claimant was made to suffer great emotional trauma, discomfort and embarrassment, was deprived of his liberty, his personal and professional reputations were impaired.

As a further direct and proximate result of the violations of Claimant's constitutional rights, Claimant was required to employ and did employ the undersigned attorneys to prosecute

this action. The Claimant has become obligated to pay said attorneys a reasonable fee for their services in connection with and in furtherance of this action arising out of the conduct of the Respondents.

## COUNT II: VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. 1983 BY THE COUNTY OF NASSAU

The Claimant repeats and realleges all allegations contained in the paragraphs above as though fully set forth herein.

At all times relevant to this Complaint, THE COUNTY OF NASSAU, through, THE NASSAU COUNTY SHERIFF'S OFFICE and through its senior officers and policymakers, supervisors and other policymakers, pursued policies, practices and customs that were a direct and proximate cause of the unconstitutional rights alleged herein and were the result of deliberate indifference.

The policies include, but are not limited to the failure to properly screen, supervise, discipline, transfer, counsel or otherwise control police officers, including the officers who arrested Claimant who are known or should have been known to engage in improper use of the arrest power and force.

The acts of Respondents, were performed knowingly, intentionally, and maliciously, by reason of which plaintiff is entitled to an award of punitive damages of $10,000,000.00

WHEREFORE, plaintiff requests judgment for general, special, and punitive damages, in a sum that to this court may deem just and reasonable in the premises, for costs of suit and attorney's fees, and for such other relief as to the court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues so triable.

Dated: July 21, 2010

>								GALLET DREYER & BERKEY, LLP

By: _____
					Barry Black, Esq.
				*Counsel for Claimant*
				845 Third Avenue, 8th Floor
				New York, New York 10022
				(212) 935-3131
				bba@gdblaw.com