**UNITED STATES DISTRICT COURT**        **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**       **MINUTE ORDER**

BEFORE:     A. KATHLEEN TOMLINSON       DATE:     <u>1/27/11</u>
             U.S. MAGISTRATE JUDGE          TIME:     <u>10:30 AM</u>

*Miller -v- County of Nassau, et al.*, **CV 10-3358 (ADS) (AKT)**

TYPE OF CONFERENCE:        **INITIAL CONFERENCE**

APPEARANCES:     Plaintiff      Barry Black

                 Defendant     Michael J. Ferguson

SCHEDULING:

      The discovery status conference will be held on June 16, 2011 at 10 a.m.

THE FOLLOWING RULINGS WERE MADE:

1.      Counsel for the parties in this Section 1983 action met for a Rule 26(f) conference and I am adopting the discovery plan submitted by them with several modifications. The Case Management and Scheduling Order will be entered separately. Initial disclosures pursuant to Rule 26(a) have been served by the defendants. Plaintiff must serve his Initial Disclosures no later than February 3, 2011.

2.      Plaintiff apparently plans to introduce testimony from a physician/therapist concerning plaintiff's claim for damages based upon emotional distress. Defendants' counsel believes that defendants are entitled to additional HIPAA-compliant records release authorizations with regard to this issue. Counsel have been directed to engage in the good faith meet-and-confer required under Local Civil Rule 37.3 to try to resolve this issue within the next two weeks. If they are unable to do so, then either party may move for relief by letter motion to the Court. Such a motion must be filed by February 16, 2011.

3.      Based upon the discussions with the attorneys during today's conference, it is clear that a Stipulation and Order of Confidentiality will be needed during the discovery and trial phases of this case. Therefore, I am directing the parties to work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The Stipulation and Order of Confidentiality is to be filed on ECF by March 4.

4.      I am giving the parties until March 4, 2011 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file a letter on ECF <u>no later than March 4, 2011</u> advising me of what agreement/ procedure has been put in place. In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

5.     The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is April 28, 2011. If the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file his opening motion papers and memorandum of law to Judge Spatt by April 28, 2011. The parties are free to agree on a full briefing schedule with the understanding that the opening papers must be served by that date.

6.     Plaintiff may retain experts for this action. Any party who intends to utilize an expert for its case-in-chief must serve the expert report(s) and all disclosures required under Rule 26 no later than September 9, 2011. The deadline for rebuttal expert reports and disclosures is October 20, 2011. Defendants may conduct a Rule 35 examination of the plaintiff at any time but are reminded that they must observe the foregoing deadlines with respect to expert discovery. Expert depositions must be completed by November 11, 2011.

7.     If either party intends to move for summary judgment, counsel are directed to Judge Spatt's Individual Practice Rules with regard to the preliminary requirement of the exchange of Rule 56.1 statements prior to any party filing a letter request for a pre-motion conference. Since the deadline for filing the letter request for a pre-motion conference is November 28, 2011, the parties must plan accordingly to allow sufficient time prior to that deadline to exchange Rule 56.1 statements.

8.     As set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **three business days before the June 16, 2011 status conference, the parties are directed to file a discovery status report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses and providing an end-date by which those depositions will be completed. Once these four items have been addressed, the parties are to confirm whether discovery is proceeding on schedule. If all discovery to that date has been completed in compliance with the Case Management and Scheduling Order, and if there are no pending disputes requiring court intervention, the parties may alternatively request an adjournment of the discovery status conference. If warranted, I will cancel or adjourn the conference.

9.     Also as set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **no less than two business days before the pretrial conference**, the attorney for each party must submit by mail or fax (not by ECF) a one to two-page, *ex parte* statement of his/her client's settlement position.

10.    In accordance with Local Rule 37.3, the parties are obligated to confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible. Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation

of how they have done so.  Failure to comply with the certification requirement will result in the motion being returned to the moving party.

11.    Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court.  Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders.  All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline.  The parties are directed to my Individual Practice Rules for further information.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge